UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **THREVIA WEST** | **CASE NO. 6:21-CV-04431** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CONSOLIDATED GOVERNMENT OF LAFAYETTE ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's third Motion for Leave to File Amended Complaint. (Rec. Doc. 30). City Defendants, Lafayette City-Parish Consolidated Government ("LCG"), Officer Lavergne, and Officer Huval, and non-city Defendants Bolgiano & Shotwell Properties, LLC, Austin Shotwell, and Grayson Linn Bolgiano, Jr. ("non-city Defendants") oppose the motion. (Rec. Doc. 31 and 32).

Plaintiff filed this §1983 suit against LCG, Officers Lavergne and Huval, and the non-city Defendants, after an incident in which she allegedly refused to pay the balance of a moving bill and the officers arrested her. (Rec. Doc. 1). This Court previously issued a Report and Recommendation regarding Defendants' motions to dismiss pursuant to F.R.C.P. Rule 12(b)(6). Rather than re-state the factual and procedural background, the Court references the Report and Recommendation ("R&R") (Rec. Doc. 19) and two prior rulings denying Plaintiff's motions to amend

(Rec. Doc. 26; 29). This is Plaintiff's third attempt to state claims for relief and to cure deficiencies in her original complaint. Pursuant to this Court's R&R, later adopted by the District Court, Plaintiff was granted fourteen days to amend her complaint to allege facts sufficient to state the following claims: 1) *Monell* claims against LCG for excessive force, failure to train, and failure to discipline; and 2) excessive force claims against Officers Lavergne and Huval in their individual capacities. (Rec. Doc. 19; 23). The Court denied Plaintiff's prior attempts to amend her complaint in response to the R&R for failure to comply with applicable procedure and because Plaintiff's proposed amended complaints included improper argument and objections to the R&R. (Rec. Doc. 26; 29). Most recently, the Court ordered Plaintiff to "file one proposed amended complaint which specifically responds to the deficiencies noted in the [R&R] … [and] shall contain no supplemental claims and no argument related to this Court's findings in the [R&R]." (Rec. Doc. 29, p. 2).

In response, Plaintiff filed the proposed amended complaint at issue. Defendants oppose Plaintiff's motion for leave to file same on the grounds that the proposed amended complaint again fails to address the deficiencies identified in the R&R and that it again contains improper argument. The Court agrees that Plaintiff's proposed amended complaint once again contains impermissible legal argument and

fails to cure the deficiencies on certain issues which served as the basis for the Court's previous dismissals.

The R&R held that Plaintiff did not state a *Monell* claim for excessive force, because she failed allege facts showing a wide-spread practice or pattern. Similarly, Plaintiff did not state a *Monell* claim for failure to train, because she failed to allege facts showing a pattern of similar violations that should have placed LCG on notice of a failure to train. (Rec. Doc. 19, p. 13-14). Her allegations showing that 107 lawsuits were filed against LCG and an alleged history of fifteen excessive force cases over a fifteen-year period were insufficient, because they did not show sufficient similarity to Plaintiff's alleged incident. (Rec. Doc. 19, p. 10). Additionally, Plaintiff did not state a *Monell* claim for failure to discipline, because she failed to allege any similar incident wherein officers were not disciplined. (Rec. Doc. 19, p. 15).

In her proposed amended complaint, Plaintiff cites the same instances of alleged excessive force originally stated in her complaint, which the Court previously found insufficient. Instead of alleging new facts, Plaintiff "submits that the aforementioned cases are similar to the instant case because they all address matters involving constitutional violations," and should be held sufficient based on "judicial experience and common sense." (Rec. Doc. 30-1, p. 10). Further, although the proposed amendment includes a reference to one officer who was previously

disciplined, Plaintiff continues to rely on the previously insufficient incidences of alleged excessive force. (Rec. Doc. 30-1, p. 13-14). The Court finds that Plaintiff has again submitted legal argument with no new facts aimed at curing the deficiencies cited in the R&R. Therefore, Plaintiff's motion to amend is denied in this regard.

The Court next found that Plaintiff failed to state a claim against Officers Lavergne and Huval, because she failed to allege facts sufficient to show that she suffered more than a de minimis injury. (Rec. Doc. 19, p. 20). Plaintiff's proposed amended complaint alleges that as a result of the incident she suffered posttraumatic stress disorder, frequent crying spells, feeling overwhelmed, helpless, and hopeless, with difficulty sleeping and concentrating, low self-esteem, weight loss, hypervigilance restlessness and diminished social functioning. (Rec. Doc. 30-1). The Court finds these allegations are sufficient to allege more than a de minimis injury. The motion to amend is granted in this regard.

Accordingly,

IT IS ORDERED that Plaintiff's third Motion for Leave to File Amended Complaint (Rec. Doc. 30) is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent the proposed amendment sets forth Plaintiff's specific injuries. The motion is denied in all other respects.

IT IS FURTHER ORDERED that Plaintiff shall file a revised proposed amended complaint based upon Rec. Doc. 30-1, except the revised proposed amended complaint shall NOT include paragraphs 18, 19, 20, or Count I. The revised amended complaint shall be filed within seven (7) days of this order.

Signed at Lafayette, Louisiana on this 5th day of October, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE